MANUEL P. MEDEIROS, JR., *v.* HONOLULU MOTOR COACH COMPANY, LIMITED.

No. 2360.

FILED JANUARY 20, 1939.                    DECIDED JANUARY 29, 1939.

PETERS AND KEMP, JJ., AND CIRCUIT JUDGE BROOKS IN PLACE OF COKE, C. J., ABSENT.

*Per Curiam.* The appellant petitions for a rehearing alleging the following grounds: (1) That the court inadvertently erred in holding that there was not a fatal variance between the allegation of the complaint and the proof; (2) that the court inadvertently erred in holding that the question of whether or not defendant's servant, Carvalho, was guilty of negligence in permitting Kaipo to drive or in failing to so supervise his driving as to avoid the collision which ensued, and whether or not such negligence, if found, was a proximate cause of the accident, were questions of fact for the jury under proper instructions.

Both of the conclusions which the appellant terms inadvertent were arrived at after a very careful consideration of the authorities which are fully reviewed in our opinion and adopted as correctly setting forth the common law rule for testing the liability of a master for harm caused by the negligent management of an instrumentality by one

to whom his servant has entrusted it to serve the purpose of the master. Our conclusions were not, therefore, inadvertently arrived at.

However, in view of the brevity with which we disposed of the appellant's argument that there was a fatal variance between the allegations of the complaint and the proof, we shall now set forth the considerations which prompted our conclusion.

Nothing said by us was intended to convey the idea that the defendant's motor coach necessarily ceased to be operated by its servant merely because one other than the servant was, with the consent of the servant and in his presence, driving at the time of the accident. In fact his continuing obligation to keep control of its operation is the basis of the master's liability for the damage caused by its negligent use.

In *Booth* v. *Mister,* 7 Car. & P. 66, one of the English cases reviewed by us and cited with approval in many of the American cases, upon which our opinion is founded, the only issue was whether or not a declaration which stated that the cart of the defendant was negligently driven by his servant was sustained by proof that the defendant's servant was riding in the cart but that another person not in defendant's service was driving the cart, the servant having given him the reins. The ruling that the proof sustained the declaration is not based on the theory of constructive identity and many of the American courts which adhere to the rule adopted by us have cited it as authority for their conclusion, evidently regarding the holding as not inconsistent with their conclusion that the liability of the master must be based on the negligence of his servant even though the substitute's negligence, in combination with his negligence, contributed proximately to the accident. Chief Judge Cardozo cited *Booth* v. *Mister* in *Grant* v. *Knepper,* 245 N. Y. 158, remarking that "the inference is legitimate,

first, that the substitute was incompetent, and again that supervision, if vigilant, would also have been effective."

All of the English cases which have come to our attention, in which the basis of the master's liability is discussed, unmistakably hold that the liability of the master must be predicated upon the negligence of his servant and in none of them do we find any adverse criticism of *Booth* v. *Mister, supra.*

In our original opinion we have quoted from the opinion of Buckley, L. J., in *Ricketts* v. *Tilling,* 1 K. B. (1915) 644. Phillimore, L. J., author of one of the concurring opinions in that case, said: "It is not only for acts of omission but also for some acts of commission that the employer may be liable. The question here really is, Was the driver still in charge of this omnibus, and did the accident happen because he neglected his duty?" He then refers to a similar case which he tried at *nisi prius* in which he left to the jury the question of whether the motor omnibus was still under the control of the driver. The allegation must have been that it was.

In *Engelhart* v. *Farrant & Co.,* 1 Q. B. (1897) 240, Lord Esher, M. R., says: "Now, for what is the defendant liable? He is liable for the negligence of Mears [defendant's servant] if that negligence was 'an effective cause' of the subsequent damage to the plaintiff. Now, was it or was it not 'an effective cause'? In this case, if there had been any doubt of its being an effective cause and the matter had been tried by a jury, the question must have been left to them." Again the declaration must have predicated the master's liability upon the fact that the servant, though not manipulating the mechanism, was operating the instrumentality.

We are of the opinion that good pleading in such a case as this requires the plaintiff to allege that the master's automobile was being operated by his servant and that proof that the servant remained upon it while a substitute

performed the physical act of driving does not constitute a variance. As said by Chief Judge Cardozo in *Grant* v. *Knepper, supra,* " 'Co-operation may be inferred from acquiescence where there is power to restrain' (*Dowler* v. *Johnson, supra*). The duty rests upon the servant with continuing obligation to 'keep control and exclude incompetent meddling' (*Pollock, supra*) while he remains upon the car."

The authorities above also dispose of the second ground of the petition for rehearing. The matter involved in that ground was carefully considered and our conclusion was reached after consulting the authorities and nothing called to our attention has convinced us that our conclusion was wrong.

The petition is denied without argument under the rule.

*Smith, Wild, Beebe & Cades* for petitioner.